UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THERESA BORUSH,

                                                Plaintiff,

                          v.                                                        3:05-CV-361
                                                                                       (FJS/GJD)

MICHAEL J. ASTRUE, Commissioner of
Social Security,[1]

                                             Defendant.

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **LACHMAN & GORTON**<br>1500 East Main Street<br>P.O. Box 89<br>Endicott, New York 13761-0089<br>Attorneys for Plaintiff | **PETER A. GORTON, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL GENERAL**<br>**COUNSEL, REGION II**<br>26 Federal Plaza, Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **KAREN G. FISZER, ESQ.** |
| **OFFICE OF THE UNITED**<br>**STATES ATTORNEY**<br>James Hanley Federal Building &<br>U.S. Courthouse<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for Defendant | **WILLIAM H. PEASE, AUSA** |

---

[1] Plaintiff filed her complaint on March 22, 2005, naming Jo Anne B. Barnhart, the former Commissioner of Social Security, as Defendant. On February 12, 2007, Michael J. Astrue took office as the Commissioner of Social Security. The Court, therefore, has substituted him as Defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required to effectuate this change. *See* 42 U.S.C. § 405(g).

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are Magistrate Judge DiBianco's Report and Recommendation, Defendant's objections thereto, and Plaintiff's response to those objections. *See* Dkt. Nos. 16, 18, 23.

### II. BACKGROUND

Plaintiff, who was thirty-five years of age at the time of the Administrative Law Judge's determination, has a history of working part-time jobs during the 1990s and holding a few full-time positions between 2000 and 2002. *See* Administrative Transcript ("Tr.") at 46-49, 53. Plaintiff most recently worked in the food service industry and in janitorial work where she frequently lifted twenty-five to fifty pounds. *See id.* at 53, 165, 166. Plaintiff stopped working during June 2003 as a result of having chronic pain in her lower back and shoulders. *See id.* at 163. Plaintiff has received medical treatment from two main sources, the Osteopathic Family Practice located in Johnson City, New York, *see id.* at 139-57, and Dr. Ronnie Kanas of the Center for Pain Relief, *see id.* at 95-97, 110-16. At the Osteopathic Family Practice, Plaintiff's two main treating medical professionals were Dr. Karen Heister, D.O. (Doctor of Osteopathy) and Dr. Sherrod Hamlin, D.O. *See id.* at 139-42, 144, 145. On two or three other occasions, two other individuals, Stradley and Dr. Buchanan, treated Plaintiff at the Osteopathic Family Practice. *See id.* at 151, 145, 149. The Osteopathic Family Practice and Drs. Hamlin and Heister provided Plaintiff's overall care, *see* Tr. at 138-57, and Dr. Kanas from the Center for Pain Relief

administered spinal injections to the S1 joint of Plaintiff's spine, *see* Tr. at 110-16.

Plaintiff has a long list of complaints, including muscle pain from fibromyalgia and sacroiliitis, insomnia, difficulty with activities of daily living and constant back pain. *See* Tr. at 141. Plaintiff has also complained that she cannot lift, cannot sit more than thirty minutes, cannot stand more than fifty minutes, and cannot walk more than one half of a block. Plaintiff also stated that she received help from her children with her daily chores and with getting dressed and that physical therapy and medications did not relieve the pain. *See* Tr. at 140.

In response to Plaintiff's complaints, her treating physicians, Drs. Heister, Hamlin and Kanas, performed a series of medical tests and procedures, which led to their diagnoses that Plaintiff suffered from chronic pain, fibromyalgia, and sacroiliitis. *See id.* at 139-40. As a result of her symptoms and diagnoses, Plaintiff has taken several different types of medications, including Vioxx, Naprosyn, Amitriptyline, and Zoloft, none of which, she claims, alleviate her pain. *See id.* at 140, 171. Despite these chronic symptoms, however, Plaintiff is able to drive, although she cannot sit for an extended period of time; is able to use the computer for thirty minutes up to three times a week; and is able to cook simple meals, although she cannot stand for prolonged periods of time. *See id.* at 175-76.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits on October 6, and October 24, 2003, alleging disability based on her impairments. *See* Tr. at 41-43, 118-22. Both applications were denied at the initial review level. Plaintiff, therefore, requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 12, 2004. *See id.* at 158-81. In a decision dated September 29, 2004, the ALJ found that Plaintiff was not disabled. *See id.* at 13-22. Plaintiff, proceeding *pro se*, appealed the

ALJ's decision to the Appeals Council and submitted additional medical records and a lengthy hand-written letter. *See id.* at 138-59, 124-37. The ALJ's decision became the Commissioner's final decision on February 3, 2005, when the Appeals Council denied her request for a review of that decision.

Plaintiff commenced this action, seeking judicial review of the Commissioner's final decision. In support of her complaint, Plaintiff contended that the ALJ erred in several ways: (1) he did not properly assess her obesity and erred by failing to find that her obesity was a severe impairment; (2) he did not properly assess her credibility; (3) he failed to develop the record properly in light of the fact that she was proceeding *pro se*; (4) he failed to give proper weight to the opinions of her treating physicians; and (5) he erred in finding that she had no non-exertional impairments and in failing to call a vocational expert. *See* Report and Recommendation at 2. Furthermore, Plaintiff argued that the Appeals Council erred by failing to explain its evaluation of the new evidence or the weight that it gave to the new evidence that she had supplied. *See id.*

After reviewing the ALJ's decision in light of Plaintiff's objections, Magistrate Judge DiBianco recommended that this Court remand the case for a proper application of the treating physician rule and for an evaluation of Plaintiff's residual functional capacity ("RFC").

Defendant objects to Magistrate Judge DiBianco's recommendation for two reasons. First, Defendant contends that Magistrate Judge DiBianco erred in his application of the treating physician rule by failing to "identify the opinions that he believed the ALJ did not analyze" in his determination. *See* Defendant's Objections at 3. Second, Defendant argues that Magistrate Judge DiBianco failed to base his review of the ALJ's RFC assessment on the record, since there was substantial evidence to support the ALJ's determination that Plaintiff retained the RFC for light

work. *See id.* at 5.

### III. DISCUSSION

A.  **Standard of review**

In reviewing the Commissioner's final decision, a court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence in the record as a whole to support the decision. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)) (other citations omitted). A reviewing court, however, may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards even if it appears that there is substantial evidence to support that decision. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports his decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support that decision. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991) (citations omitted). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quotation omitted). "It is more than a mere scintilla or a touch of proof here and there in the record." *Id.*

"To determine on appeal whether an ALJ's findings are supported by substantial evidence,

a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Id.* (citations omitted). "However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision." *Lewis v. Comm'r of Soc. Sec.*, No. 6:00 CV 1225, 2005 WL 1899399, *1 (N.D.N.Y. Aug. 2, 2005) (citations omitted).

Finally, in a case such as this one in which a magistrate judge has issued a Report and Recommendation and a party has properly filed objections to that report, "the district court shall make a *de novo* determination of those portions of the report to which the objections are made[,]" 28 U.S.C. § 636(b)(1)(C), and shall review those portions of the report to which neither party objects for clear error, *see Turly v. Britton*, No. 9:03-CV-1425, 2007 WL 625983, *2 (N.D.N.Y. Feb. 24, 2007).

**B.   Defendant's contention that Magistrate Judge DiBianco did not correctly apply the treating physician rule**

It is well established that, "[w]hile the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (citations omitted).  When an ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must consider several factors to determine how much weight to give to that opinion.  *See* 20 C.F.R. § 404.1527(d)(2).  These factors include "'(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in

support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist.'" *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark*, 143 F.3d at 118).

Furthermore, remand is proper when a reviewing court determines that "the Commissioner has not provided 'good reasons' for the weight given to a treating physicians [sic] opinion," and the ALJ has "not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). In addition, an "'ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'" *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)) (other citations omitted).

Magistrate Judge DiBianco determined that the ALJ improperly reviewed and failed to "comment on the weight to be given to" the reports of Plaintiff's treating physicians. *See* Report and Recommendation at 14. Specifically, Magistrate Judge DiBianco noted that, "[w]hile the ALJ discussed plaintiff's medical treatment at some length, he did not specifically discuss the weight he was giving or not giving to the opinions of plaintiff's treating physician." *See id.* Furthermore, Magistrate Judge DiBianco concluded that the ALJ's failure to do so was clear error because an ALJ is required to give a treating physician's opinion "greater weight if it is consistent with the medical evidence" provided in the record. *See id.*

Magistrate Judge DiBianco also found that there was not substantial evidence in the record to support Plaintiff's argument that Dr. Heister opined that Plaintiff was permanently disabled and completely precluded from working. *See id.* Lastly, Magistrate Judge DiBianco concluded that the ALJ erroneously substituted his own medical opinion for that of Dr. Kanas,

-7-

who opined that Plaintiff suffered from sacroiliitis, because there was substantial evidence in the record to support Dr. Kanas' diagnosis. *See id.* at 14.

As noted, Defendant takes issue with Magistrate Judge DiBianco's conclusions and recommendations. However, after reviewing the entire record, the Court finds that Defendant's objections are not well taken and concludes that Magistrate Judge DiBianco correctly found that the ALJ failed to indicate how much weight he gave to the opinions of Plaintiff's treating physicians and, in addition, that the ALJ improperly substituted his opinion for that of Dr. Kanas even though there was substantial evidence in the record to support Dr. Kanas' diagnosis. Accordingly, the Court adopts Magistrate Judge DiBianco's recommendation and remands this matter for a correct application of the treating physician rule.

**C.    Defendant's claim that Magistrate Judge DiBianco incorrectly found that the ALJ had erred in determining Plaintiff's residual functional capacity**

In order for a court to uphold an ALJ's RFC determination on review, there must be substantial evidence in the record to support that determination. *See Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)). An ALJ determines a claimant's RFC by assessing all the relevant evidence in the record, which includes a finding of what tasks a claimant can perform notwithstanding her impairments. *See* 20 C.F.R. § 404.1545(a). When making an RFC determination, the ALJ must assess the claimant's exertional capabilities, including the claimant's ability to sit, stand, walk, lift, carry, push and pull. *See* 20 C.F.R. § 404.1545(b). Moreover, "[i]n assessing RFC, the ALJ's findings must specify the functions plaintiff is capable of performing; conclusory statements regarding

plaintiff's capacities are not sufficient." *Martone*, 70 F. Supp. 2d at 150 (citing *Ferraris*, 728 F.2d at 588) (other citations omitted). According to Social Security Ruling ("SSR") 96-9p, "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate between sitting and standing." SSR 96-9p, 1996 WL 374185, *7 (1996). However, the Second Circuit has stated that "[t]he regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight." *Halloran*, 362 F.3d at 33. Furthermore, the regulations provide that "[t]here are some jobs in the national economy . . . in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it . . . he or she would not be found disabled." SSR 83-12, 1983 WL 31253, *4 (1983).

In this case, Magistrate Judge DiBianco found that "[i]t [was] unclear how the ALJ arrived at a residual functional capacity of 'light work.'" *See* Report and Recommendation at 18. He explained that, although "the consultative examiner found that plaintiff had a full range of motion in [her] shoulders, elbows, forearms, wrists, hips, and knees (T. 99, 100), and had good strength, no estimation of Plaintiff's ability to sit was given." *See id.* Magistrate Judge DiBianco also noted that "[t]he qualifications of the 'medical consultant' (T. 108) [were] unclear, and the opinion given by that 'consultant' [was] entitled to little weight since it [did] ***not*** appear to be the opinion of a physician." *See id.* at 18-19. Therefore, Magistrate Judge DiBianco concluded that "[t]he ALJ's finding of 'light work' [was] not supported by substantial evidence in the record." *See id.* at 19.

It is well-established that, in situations in which the qualifications of a medical consultant

are unclear, the opinion of that consultant regarding a claimant's RFC is not entitled to substantial deference. *See DeJesus v. Barnhart*, No. 06-CV-6044, 2007 WL 528895, *7 (W.D.N.Y. Feb. 13, 2007). Nonetheless, if there is substantial evidence in the record to support the RFC determination, the reviewing court may not disturb that finding. *See Schultz v. Astrue*, No. 04-CV-1369, 2008 WL 728925, *7 (N.D.N.Y. Mar. 18, 2008).

In the present case, although the consultative examiner did not specifically provide an estimation of Plaintiff's ability to sit, Dr. Datta opined that Plaintiff had "no significant limitations for sitting, only mild to moderate limitations for standing, walking, and climbing, and that she should avoid heavy lifting." *See* Tr. at 19. Furthermore, Dr. Datta's opinion and the medical consultant's RFC determination that Plaintiff is capable of performing light work are consistent with the medical evidence in the record. Nonetheless, because the Court is remanding this case for proper application of the treating physician rule, which might affect the RFC determination, the Court remands this case for further evaluation of Plaintiff's residual functional capacity.

## IV. CONCLUSION

After reviewing the entire record in this file, Magistrate Judge DiBianco's Report and Recommendation and Defendant's objections thereto, as well as the applicable law, the Court hereby

**ORDERS** that Magistrate Judge DiBianco's January 22, 2008 Report and Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the decision denying disability benefits is **REVERSED** and this matter is

**REMANDED** to the Commissioner, pursuant to sentence four[2] of 42 U.S.C. § 405(g), for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: September 10, 2008
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge

---

[2] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).